UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANEUVA, et al.

_____ /

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 478 | Motion to Sever (Deonte Jamal Martin) |
| Dkt. 566 | Response |
| Dkt. 480 | Motion for Hearing on Motion to Sever (Deonte Jamal Martin) |
| Dkt. 484 | Motion to Sever (Jerry W. Green Jr.) |
| Dkt. 583 | Response |
| Dkt. 495 | Motion to Sever (Charlie L. Green) |
| Dkt. 567 | Response |
| Dkt. 501 | Motion to Sever (Corey Deonta Harris) |
| Dkt. 575 | Response |
| Dkt. 804 | Supplemental Motion to Sever Defendant (Jerry W. Green, Jr.) |
| Dkt. 827 | Response |

Defendants Deonte Jamal Martin, Jerry W. Green, Jr., Charlie L. Green, Corey Deonta Harris each move to sever his trial from that of codefendants, pursuant to Fed. R. Crim. P. 14.

I. Standard of Review

Multiple defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses......All defendants need not be charged

1

Case No. 8:12-CR-205-T-17MAP

in each count. Fed. R. Crim. P. 8(b).

The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009). The fact that a defendant participated in only one aspect of the conspiracy does not by itself warrant severance. If the joinder of offenses or defendants in an indictment...appears to prejudice a defendant....., the court may...sever the defendants' trial, or provide any other relief that justice requires. Fed. R. Crim. P. 14. Prejudice results when a jury is unable to separate the evidence adduced against a defendant from all the other evidence against his codefendants. Cautionary instructions to the jury are presumed to adequately safeguard against prejudice.

A defendant "must carry the heavy burden of demonstrating the lack of a fair trial due to actual, compelling prejudice" to justify severance. "To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and the severance is the only proper remedy for that prejudice–jury instructions or some other remedy short of severance will not work." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011).

II. Discussion

At the outset, the Court notes that the Government will not seek the death penalty, and any arguments based on the death penalty are moot.

A.   Dkt. 478   Motion to Sever (Deonte Jamal Martin)

Defendant Deonte Jamal Martin moves to sever his trial from that of the codefendants, pursuant to Fed. R. Crim. P. 14.

2

Case No. 8:12-CR-205-T-17MAP

Defendant Martin in charged in the following Counts of the Second Superseding Indictment (Dkt. 82):

| | |
|---|---|
| Count 1 | RICO conspiracy; |
| Count 2 | Conspiracy to distribute and to possess with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A); |
| Count 25 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Brenton Coleman, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2; |
| Count 26 | Knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1) and 841(b)(1)(C); |
| Count 27 | Knowingly possess a firearm in furtherance of Counts 2 and 26, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(i) and 2; |
| Count 28 | Knowingly possess in and affecting interstate and foreign commerce a firearm, a .45 caliber Glock handgun, after having been previously convicted of crimes punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. Secs. 922(g)(1) and 2. |

Defendant Martin moves to sever based on the presence of inculpatory evidence that will be admitted against a codefendant, but is not admissible against Defendant Martin, and the cumulative and prejudice "spill over" effect of the evidence of the far-ranging charges and evidence against Codefendants Napoleon Harris, Nathaniel Harris, Jerry Green, and Charlie Green which is not admissible against Defendant Martin, and which will prevent the jury from making an individualized determination as to Defendant Martin's innocence.

Defendant Martin relies on the presence of expansive and inflammatory evidence of violent conduct against Codefendants which will result in unfair spillover if Defendant Martin is tried with Codefendants. Defendant Martin further argues that it is unlikely that the Government will be able to prove a single conspiracy involving Defendant Martin, since Defendant Martin was absent during a significant time during

Case No. 8:12-CR-205-T-17MAP

which the alleged crimes were supposed to have been committed. Defendant Martin argues that where there is not a single overarching conspiracy, severance should be granted. United States v. Fernandez, 892 F.2d 976 (11th Cir. 1989).

Defendant Martin argues that the prejudicial effect of uncharged killings kidnappings, robberies and other crimes will affect the jury's estimation of Defendant Martin's innocence if Defendant Martin is tried with his Codefendants. Defendant Martin argues that there is a substantial risk of unfair prejudice via guilt by association, in light of the thin evidence against Defendant Martin on the murder charge, and the compelling evidence against Codefendants on numerous violent crimes.

Defendant Martin further argues that the trial is expected to last twenty-two weeks, and a jury cannot reasonably be expected to compartmentalize months of testimony against six defendants, three of whom are brothers, on twenty-six counts, many additional overt acts, and conspiracies lasting eight and one-half years.

Defendant Martin further argues that, in the event that if the Government seeks to introduce the post-arrest statements of Codefendant Napoleon Harris that inculpate Defendant Martin without redaction that eliminates any reference to Defendant Martin, severance will be required under the Sixth Amendment and Fed. R. Crim. P. 14.

The Government responds that Defendant Martin has not demonstrated that Defendant Martin will be prejudiced by a joint trial. As to the unidentified inflammatory evidence that Defendant Martin claims will cause unfair prejudice, the Government argues that the evidence to be presented in the Government's case-in-chief on the RICO conspiracy, and conspiracy to possess and distribute controlled substances, is admissible against all of the Defendants in separate trials; there is no unfairly prejudicial spillover.

Case No. 8:12-CR-205-T-17MAP

The Government further argues that speculative claims as to the Government's ability to prove his case are not a proper basis for severance.

The Government further argues that the charges in this case are not so voluminous or complex that the jury will be unable to differentiate between the Defendants and follow appropriate instructions regarding admissible evidence.

The Government argues that issues regarding the admission of coconspirator statements and confrontation do not require severance in this case. Defendant Martin has not specifically identified the statements that Defendant Martin contends will cause compelling prejudice, and the Government will offer only appropriately redacted statements in evidence such that none will directly implicate any codefendant, and the Court will have the opportunity to review the redacted statements, and modify them if appropriate.

B.    Dkt. 484    Motion to Sever (Jerry W. Green, Jr.)

Defendant Jerry W. Green, Jr. moves to sever his trial from that of his codefendants.

Defendant Green is charged in the following counts of the Second Superseding Indictment:

| | |
|---|---|
| Count 1 | RICO conspiracy; |
| Count 2 | Conspiracy to distribute and to possess with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A); |
| Count 3 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Christopher Jenkins through the use of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), and |

5

Case No. 8:12-CR-205-T-17MAP

|            |                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | 924(j) (1) and 2;                                                                                                                                                                                                                                                                                                                                                                                                                                               |
| Count 15   | Knowingly obstruct, delay and affect commerce, and the movement of any article and commodity in commerce, by robbery; did unlawfully take and obtain property, U.S. currency, belonging to the Subway restaurant from the care, custody and control of an employee of the Subway restaurant against the employee's will and did commit and threaten physical violence to the employee in furtherance of a plan or purpose to commit robbery, in violation of 18 U.S.C. Sec. 1951(a) and 2; |
| Count 16   | Knowingly use, carry and brandish a firearm during and in relation to Count 15, a crime of violence, and in the course of said violation committed the robbery, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(ii), and 2;                                                                                                                                                                                                                                |
| Count 18   | Knowingly use, carry and discharge a firearm in relation to Count 1, and in the course of said violation caused the death of Ceola Lazier through the use of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), 924(j)(1) and 2;                                                                                                                                                                                                             |
| Count 19   | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Carlos Jurado a/k/a "Giggles," in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2.                                                                                                                                                                                        |

Defendant Green moves to sever his trial from the codefendants in order to receive a fair trial. Although Defendant Green does not know exactly what statements that the Government will try to introduce at trial, Defendant Green believes that the Government will introduce evidence of statements made the codefendants regarding Defendant Green in the joint trial. The statements range from admissions to drug dealing, to the implication of other codefendants in homicides. Defendant Green argues that a joint trial poses a substantial risk that a specific trial right of one of the defendants would be jeopardized.

Defendant Green relies on Bruton v. United States, 391 U.S. 123 (1968)(defendant is deprived of his rights under the Confrontation Clause when a non-testifying co-defendant's confession or out-of-court statement naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to

Case No. 8:12-CR-205-T-17MAP

consider that confession only against the co-defendant); <u>United States v. Turner</u>, 474 F.3d 2165 (11th Cir. 2007).

Defendant Green further argues that both risks present in <u>United States v. Browne</u>, 505 F.2d 1229, 1269 (11th Cir. 2007) are present, such that severance is mandatory: 1) a joint trial poses a substantial risk that a specific trial right of one of the defendants would be jeopardized; and 2) a joint trial would prevent the jury from making a reliable judgment about guilt or innocence.

The Government responds that the Government will appropriately redact statements of Defendant Green's codefendants prior to the admission of those statements at trial. Because there is a remedy short of severance, it is not necessary to sever Defendant Green's trial.

C.    Dkt. 495    Motion to Sever (Charlie Green)

Defendant Charlie Green moves to sever his trial from the codefendants, pursuant to Fed. R. Crim. P. 14.

Defendant Green is named in the following Counts of the Second Superseding Indictment:

| | |
|---|---|
| Count 1 | RICO conspiracy; |
| Count 2 | Conspiracy to distribute and to possess with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A); |
| Count 4 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Joseph Evans, through the use of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), and 924(j) (1) and 2; |
| Count 5 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation |

Case No. 8:12-CR-205-T-17MAP

|  |  |
|---|---|
|  | caused the death of Demetrius Cunningham, through the use of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), and 924(j) (1) and 2; |
| Count 6 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Calvin Barnes, through the use of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), and 924(j) (1) and 2; |
| Count 17 | Knowingly use, carry and brandish a firearm and in relation to the kidnapping of T.S., described in Count 1, a crime of violence, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(ii), and 2; |
| Count 18 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Ceola Lazier, through the use of a firearm, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), and 924(j) (1) and 2; |
| Count 25 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Brenton Coleman, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2; |

Defendant Green moves to sever his trial from the other codefendants because of a substantial risk that Defendant Green's Due Process rights under the Fifth Amendment would be jeopardized, the joint trial will prevent a jury from making a reliable judgment about guilt and innocence, and the spillover effect will make it impossible for Defendant Green to get a fair trial.

Defendant Green argues that Defendant Green has a Fifth and Sixth Amendment right to present witnesses who are favorable to his defense. Chambers v. Mississippi, 410 U.S. 284 (1973). Defendant Green argues that Defendant Green's Fifth Amendment rights necessitate the admission of Defendant Deonte Jamal Martin's out-of-court statement into evidence at trial, but the admission of the statement may violate Defendant Martin's Fifth and Sixth Amendment rights. While the failure to admit the statement violates Defendant Green's Fifth Amendment rights, Defendant Martin's statement was made against his own penal interest, as Defendant Martin confesses to drug dealing and providing a firearm used in a murder. Defendant Martin is a convicted

Case No. 8:12-CR-205-T-17MAP

felon, and mere possession of a firearm was a felony. Even if Defendant Martin's Motion to Suppress is denied, the problem is not cured. Defendant Green may be left seeking the introduction of the statement should the Government elect not to introduce it. Defendant Green and Defendant Martin would then have antagonistic defenses, making a fair trial impossible.   United States v. Liss, 265 F.3d 1220 (11th Cir. 2001).

Defendant Green further argues that no reasonable jury could possibly avoid culminating the evidence against the Defendants, making it impossible to make individualized determinations of guilt. The names of the Defendants can cause confusion and error. There are three Defendants with the last name "Harris" and two with the last name "Green." The jurors can easily attribute the conduct of one Defendant to another Defendant in error. Defendant Green further argues that the relationships of the Defendants can cause confusion. Some of the Defendants are half-brothers and cousins, making it very difficult to differentiate the relationship and the conduct. The numerous counts charged in the indictment will cause confusion for the jury to assign the appropriate conduct to the appropriate defendant. The conduct of some of the codefendants will be cumulative and have a prejudicial spillover effect on Defendant Green's case, making it impossible for Defendant Green to receive a fair trial.

The Government responds that Defendant Green does not articulate what statements Defendant Green is seeking to admit, and which statements Defendant Green seeks to exclude, and does not identify a legal basis for admissibility or inadmissibility of the statements and proposed testimony.   To warrant severance, a defendant must show:

1. a bona fide need for the testimony;
2. The substance of the desired testimony;
3. The exculpatory nature and extent of the desired testimony;
4. That the co-defendant would have testified at a separate trial.

Case No. 8:12-CR-205-T-17MAP

U.S. v. Cobb, 185 F.3d 1193, 1197-98 (11th Cir. 1999). The Government argues that Defendant Green has not met this burden.

The Government argues that the evidence to be presented in the Government's case-in-chief on the RICO conspiracy, and conspiracy to possess and distribute controlled substances, is admissible against all of the Defendants in separate trials; there is no unfairly prejudicial spillover.

D.   Dkt. 501   Motion to Sever (Corey Deonta Harris)

Defendant Corey Deonta Harris moves to sever his trial from the codefendants, pursuant to Fed. R. Crim. P. 14.

Defendant Corey Deonta Harris is named in the following counts of the Second Superseding Indictment:

| | |
|---|---|
| Count 1 | RICO conspiracy; |
| Count 2 | Conspiracy to distribute and to possess with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A); |
| Count 20 | Knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 18 U.S.C. Sec. 841(a)(1) and 841(b)()(C); |
| Count 21 | Knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 18 U.S.C. Sec. 841(a)(1) and 841(b)()(C); |
| Count 22 | Knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 18 U.S.C. Sec. 841(a)(1) and 841(b)()(C); |
| Count 25 | Knowingly use, carry and discharge a firearm during and in relation to Count 1, a crime of violence, and in the course of said violation caused the death of Brenton Coleman, in violation of 18 U.S.C. Secs. 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2; |

Case No. 8:12-CR-205-T-17MAP

Defendant Harris moves for severance based on the nature of the Government's evidence, which is based in large part on the testimony of cooperating witnesses, with little incriminating physical evidence against Defendant Harris, and the heightened risk of prejudicial "spillover," guilt by association, and jury confusion. Defendant Harris argues that the substantial risk of unfair prejudice to Defendant Harris overrides the interest in avoiding inconsistent verdicts and conserving judicial resources.

Defendant Harris argues that the inflammatory nature of the violent crimes charged against other defendants, as well as the inflammatory nature of uncharged acts of violence, subject Defendant Harris to a heightened risk of unfair prejudice.

Defendant Harris argues that there is heightened risk of guilt by association because some codefendants are family members. Otherwise innocent contact presents a substantial risk that fact-finder will unfairly view contact as corroborative evidence of an unlawful conspiracy. Defendant Harris further argues that the evidence against Defendant Harris is weak, and consists in a large part of uncorroborated testimony of cooperating witnesses. Defendant Harris argues that the great disparity in the amount of evidence introduced against his codefendants and the amount of evidence that will be introduced against Defendant Harris weighs in favor of severance.

Defendant Harris further points out that there is always the potential for jury confusion in a conspiracy trial. Defendant Harris argues that the number of defendants (6), the number of counts (28), the lengthy span of the conspiracies (8 and ½ years), and the family relationship between alleged members of the conspiracy, and the length and complexity of a joint trial will probably result in jury confusion, causing unfair prejudice to Defendant Harris.

Defendant Harris further argues that there are problematic <u>Bruton</u> issues based on Defendant Harris' June 5, 2014 post-arrest statement, and the statement of

Case No. 8:12-CR-205-T-17MAP

Napoleon Harris.

The Government responds that the special problems which Defendant Harris claims require severance can be addressed with appropriate cautionary instructions and jury instructions. Therefore, Defendant Harris has not shown compelling prejudice that requires severance.

The Government further argues that the Government will appropriately redact any codefendant statement prior to admission at trial, with the opportunity for the Court to review the redaction at trial, and therefore severance is not warranted.

E.   Dkt. 804   Supplemental Motion to Sever (Jerry W. Green, Jr.)

Defendant Jerry W. Green, Jr. moves to sever his trial from the codefendants, pursuant to Fed. R. Crim. P. 14.

Defendant Green argues that Defendant believes that the Government will introduce various statements by codefendants at the joint trial. Defendant Green contends that specific trial rights of Defendant Green would be jeopardized at a joint trial. Defendant Green therefore moves to sever his trial from the codefendants because severance is necessary for Defendant Green to receive a fair trial.

The Government has provided Defendant Green with an outline identifying Fed. R. Ev. 801(d)(2)(E) statements and codefendants' post-arrest pretrial statements. The outline references inculpatory statements made by codefendants regarding Defendant Green, including inculpatory statements made by Napoleon Harris, Corey Deonta Harris, and Deonte Jamal Martin.

Case No. 8:12-CR-205-T-17MAP

Defendant Green explains that the Government intends to "Brutonize" the codefendants' incriminating statements by eliciting only statements about the Defendant who made the incriminating admissions without naming another Defendant.

In <u>Bruton v. United States</u>, 391 U.S. 123, 126 (1968), the Supreme Court recognized the danger of admitting incriminating out-of-court statements made by non-testifying codefendants:

> Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed.

A statement that doesn't explicitly reference a defendant, but which can be clearly inferred to refer to the defendant, is inadmissible. <u>See</u> <u>United States v. Ramirez-Perez</u>, 166 F.3d 1106 (11th Cir. 1999). Where the statement is not incriminating on its face, but became so only when linked with evidence introduced later at trial, and the statement is redacted to eliminate not only the defendant's name, but any reference to his or her existence, a limiting instruction will adequately protect the defendant's Confrontation Clause rights. <u>Richardson v. Marsh</u>, 481 U.S. 200, 208, 211 (1987). Redacting the defendant's name and replacing it with a neutral pronoun or word does not violate Bruton so long as the confession does not compel a direct implication of the complaining defendant. <u>United States v. Van Hemelryck</u>, 945 F.2d 1493, 1501-1502 (11th Cir. 1989).

In <u>United States v. Browne</u>, 505 F.3d 1229, 1269 (11th Cir. 2007), the Eleventh Circuit explains that severance is mandatory: 1) where a joint trial poses a substantial risk that a specific trial right of one of the defendants would be jeopardized; or 2) where

Case No. 8:12-CR-205-T-17MAP

a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. One such example is the violation of a defendant's Sixth Amendment right to cross-examination, where the court admits into evidence an incriminating statement of a codefendant who does not testify at trial, United States v. Blankenship, 382 F.3d 1110, 1123 n. 4 (11th Cir. 2004)

Defendant Green argues that replacing Defendant Green's name with a neutral pronoun or another term will not sufficiently protect Defendant Green and ensure Defendant Green's Sixth Amendment right to confrontation. Defendant Green argues that Defendant Green will be directly implicated by his codefendants' "Brutonized" statements, and if the Government is permitted to repeatedly "Brutonize" statements, the cumulative effect will be extremely prejudicial to Defendant Green. The Government will be afforded the opportunity to have admitted at trial multiple out-of-court statements from codefendants that implicate Defendant Green in relevant criminal activity, and Defendant will have no opportunity to challenge these statements.

The Government responds that Bruton does not prohibit the introduction of redacted statements that can be linked to a defendant by subsequent evidence. "[A]dmission of a codefendant's statement is not error under Bruton where the statement was not incriminating on its face, and became so only when linked with evidence introduced later at trial." United States v. Horton, 522 Fed. Appx. 456, 460-61 (11th Cir. 2013); United States v. Aguirre-Orozco, 340 Fed. Appx. 626, 636 (11th Cir. 2009)(to violate Bruton, a statement must be "facially incriminating," and a statement is not facially incriminating if it has to be linked to other evidence in order to be inculpatory.").

The Government argues that Defendant Green has not presented the Court with any statements that, appropriately redacted, would directly implicate Defendant Green, and therefore there is no basis for severance.

14

Case No. 8:12-CR-205-T-17MAP

After consideration, the Court finds that Defendants have not established actual, compelling prejudice based on the issues raised in Defendants' Motions, and therefore severance is not warranted. There is always some prejudice inherent in a conspiracy trial. The Court expects that issues of jury confusion or spillover will be addressed by cautionary instructions at trial and jury instructions. Concerns of judicial economy weigh heavily in this case, which involves six defendants, multiple counts and a trial that is expected to continue through August, 2016. The Court notes that the Government intends to appropriately redact all codefendants' statements prior to seeking their admission at trial, and the Court will have the opportunity to review them. Accordingly, it is

**ORDERED** that the Motions to Sever (Dkts. 478, 484, 495, 501, 804) are **denied**, and the Motion for Hearing (Dkt. 480) is **denied as moot.**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 6th day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record