UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANUEVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 896    Report and Recommendation
Dkt. 898    Order
Dkt. 901    Objection
Dkt. 906    Response

Defendant Charlie L. Green objects to the Report and Recommendation (Dkt. 896), which the Court adopted without allowing additional time for objection, due to the exigency of the situation (Dkt. 898).

Defendant Green objects to Recommendation 7 of the Report and Recommendation, and the Order.

Recommendation 7 states:

Each Defendant is to provide the United States Marshal within five days a list of five individuals he wishes to call from the jail or see at the jail (excluding defense counsel and members of the defense team). Each list is to be screened by the government. If the government objects to a particular individual, it should submit its reasons to the Court as appropriate; otherwise, that list should be forwarded to the jail authority for compliance through the Marshals Service. Until a Defendant's contact is authorized, that Defendant is prohibited from calling or seeing that contact. If the government contends that these restrictive conditions (or

Case No. 8:12-CR-205-T-17MAP

any other restrictive conditions) will not ensure the Defendant's compliance, the government may renew its motion for holding that Defendant in administrative segregation (or lockdown) for the duration of the trial or for such limited time as to satisfy the legitimate need the government puts forth. In making such a motion, the government is to proffer the testimony of the relevant jail authority or deputy United States Marshal with information regarding the futility of restrictions.

The violation of the Protective Order involved the disclosure of the name of one of the protected witnesses and a written report summarizing the witness's statements during three law enforcement interviews.

Defendant Green argues that Recommendation 7 is unnecessarily punitive, and is not rationally related to the nature of the self-reported violation of the Protective Order.

The Government responds that the assigned Magistrate Judge found that "the Government has legitimate concerns about the safety of its witnesses." (Dkt. 896, p. 5). The Government argues that Defendants were directed to submit lists of persons they would like to call and persons with whom they would like to visit during the course of the trial to the Government, for review by the Government to approve or object to the list. The Court has orally modified the Order to allow Defendants to exempt their minor children from the list during the trial, in addition to any listed and approved individuals.

In response to Defendant Green's objections, the Government argues that, by limiting Defendants' phone and visitation privileges, the Court is seeking to prevent Defendants, who are charged with a conspiracy involving witness tampering, obstruction of justice, and violence toward perceived enemies, from communicating improperly discovered and sensitive information about government witnesses to potential agents or co-conspirators. The Government points out that no due process,

i.e. notice and a hearing, is required if a defendant is placed in segregation for managerial reasons, not as a punitive measure. Bell v. Wolfish, 441 U.S. 520, 535-41 (1970). Prison officials may properly restrict an inmate's telephone privileges if doing so is reasonably related to a legitimate prison security or administrative interest. Benzel v. Grammar, 869 F.2D 1105, 1108 (8th Cir. 1989). In this case, the recommended restriction is a prophylactic measure, designed to protect innocent individuals from foreseeable risk. The Government further argues that there is no protected liberty interest in unlimited telephone privileges while in custody.

I. Standard of Review

A. Motion for Reconsideration

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co.,

Case No. 8:12-CR-205-T-17MAP

2005 WL 1053691 (citing <u>Lamar</u>, 189 F.R.D. at 489 (M.D. Fla. 1999)).

B. Report and Recommendation

      The District Court determines <u>de novo</u> any part of the Report and Recommendation that has been properly objected to. The District Court may accept, reject, modify in whole or in part the recommended disposition, may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions. <u>See</u> 28 U.S.C. Sec. 636(b)(1); Fed. R. Civ. P. 72(b)(3). [I]n the absence of a timely filed objection, a district court need not conduct a <u>de novo</u> review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation. To the extent that the magistrate judge has made findings of fact based upon the testimony of witnesses heard before the magistrate judge, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings. <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988).

      The District Court may reconsider a report and recommendation where it has been shown that the report and recommendation is clearly erroneous or contrary to law. 28 U.S.C. Sec. 636(b)(1)(A). The "clearly erroneous or contrary to law" standard of review is extremely deferential. <u>Holton v. City of Thomasville Sch. Dist.</u>, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is "clearly erroneous" when although there is evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." <u>Pigott v. Sanibel Dev., LLC</u>, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008).

Case No. 8:12-CR-205-T-17MAP

II. Discussion

There is no transcript of the hearings conducted before the assigned Magistrate Judge. The Court heard oral argument; the hearings were not evidentiary hearings. The Court has listened to the digital recordings of the two hearings.

A. Protective Order (Dkt. 454)

The Protective Order states:

> 1. The Government may produce additional discovery under this Protective Order, to include unredacted (in whole or in part) law enforcement reports and documents.
>
> 2. Discovery produced under this Protective Order will be accompanied by a letter from the Government, specifically referencing this Protective Order.
>
> 3. The Government shall provide a list of non-civilian witnesses (law enforcement officers and experts) to be called to testify at trial no later than three days prior to the commencement of trial. The Government shall identify any civilian witnesses no later than 14 days prior to calling that civilian witness to testify.
>
> 4. Defense counsel, mitigation specialists, and defense investigators are generally forbidden from sharing the information received from the Government under this Protective Order. However, seven days prior to the date a witness is to be called to testify at trial, defense counsel and their investigators may share the witness name and substance of any witness statement with their clients. In other words, materials provided under this Protective Order may be shown to the Defendants seven days prior to a witness being called to testify, but said materials may not be "left behind" with the Defendants. Outside of these exceptions, the information and materials provided by the Government under this Order are for defense attorney, defense investigator, and mitigation specialist eyes only; the Defendants themselves and third parties are not permitted to possess or otherwise have custody or control over the materials provided under this Order.

Case No. 8:12-CR-205-T-17MAP

> 5. The Government and defense counsel agree that the terms of this Protective Order may be litigated in the event circumstances require Court intervention. The Government's agreement in its Motion for this Protective Order to provide certain specified information and materials earlier than the law requires the Government to provide them, does not obligate the Government to provide any additional information or materials beyond those specified in this Protective Order.

B. Hearings on 6/13/2016 and 6/14/2016

After the violation of the Protective Order was reported, the Court directed that additional restrictions on Defendants' ability to communicate with others while in custody be imposed. The Court also referred this matter to the assigned Magistrate Judge, who conducted two hearings on short notice, and then submitted his Report and Recommendation. After the hearings were conducted, the Court adopted the Report and Recommendation immediately.

The Government moved for an order to enforce the Protective Order pursuant to the All Writs Act, 28 U.S.C. Sec. 1651(a) and Fed. R. Crim. P. 16(d). The Government requested the immediate implementation of security measures necessary to protect the witness whose identities and statements have been revealed to Defendants in violation of the Protective Order.

Defendants objected that the security measures proposed are overbroad; Defendants argued that remedies short of administrative lockdown are sufficient. Defendants further objected to the punitive nature of the security measures.

The Government put the basis for the necessity of additional security measures on the record, including the many reasons for the legitimate fear for the safety of the witness whose identity and statements were prematurely disclosed.

Case No. 8:12-CR-205-T-17MAP

C. Defendant's Objections

Defendant Green objects to Recommendation 7, which imposes limits on visitation and phone calls. Defendant Green argues that this restriction is unnecessarily punitive and is not rationally related to the nature of the violation of the Protective Order.

The assigned Magistrate Judge determined that the remedies occasioned by the Protective Order violation were managerial in nature, to determine if Defendants' conditions of confinement should be restricted for legitimate, non-punitive reasons. Valdez v. Rosenbaum, 302 F.3d 1039, 1048-49 (9th Cir. 2002); Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). The assigned Magistrate Judge further found that the Government has legitimate concerns for the safety of its witnesses, and that restrictions on Defendants' ability to communicate with others are warranted to enforce the Protective Order and to ensure the safety of witnesses, in particular the witness whose identity and statements were disclosed.

"Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. E.g., Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1970); Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 n. 4 (11th Cir. 1995); Jordan v. Doe, 38 F.3d 1559, 1564-65 (11th Cir. 1994). However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees. E.g., Jordan, 38 F.3d at 1564-65 (citing Hamm v. Dekalb County., 774 F.2d 1567, 1574 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986))." See Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996)(some citations omitted).

Case No. 8:12-CR-205-T-17MAP

The Court notes that the identity and statements of one witness were disclosed, and that it is unknown whether the identity and statements of any other "super-protected witnesses" were disclosed. The Court also notes that intimidation is a feature of the charges in this case, that Bradenton is a close knit community, and that there have been ongoing threats to witnesses who may testify in this case; for example, see Case No. 8:16-CR-239-T-24JSS, U.S. v. Delexsia Harris.

The only alternative to the additional security measures proposed by the Government was that the Court strongly admonish Defendants, such as the Court would have admonished Defendants if requested at the seven-day disclosure of the identities and statements of protected witnesses. Given the factual context, a verbal admonition is plainly insufficient. While the Court surmises that additional measures to protect the prematurely disclosed witness have been taken, the Court finds that additional prophylactic measures to prevent Defendants from putting into motion any course of events that may harm the disclosed witness are appropriate and necessary.

The Court has independently reviewed the pleadings and the record. After consideration, the Court overrules Defendant Green's Objection to Recommendation 7. Accordingly, it is

**ORDERED** that Defendant Charlie L. Green's Objection is **overruled**. In the alternative, the Court deems Defendant Charlie L. Green's Objection a Motion for Reconsideration, and **denies** the Motion.

Case No. 8:12-CR-205-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 21st day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record