UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANUEVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 1047   Motion for Reconsideration of Order (Doc. 864) Denying Defendants' Motion to Dismiss (Doc. 502) (Charlie L. Green)

Dkt. 1078   Government's Opposition to Defendant Charlie Green's Motion for Reconsideration of Order (Doc. 864) Denying Defendants' Motion to Dismiss (Doc. 502)

Defendants move for reconsideration of the Court's Order (Doc. 864) denying Defendants' Motion to Dismiss (Doc. 502). All Co-Defendants join the Motion, which has also been expressly adopted by Defendants Jerry W. Green, Jr. and Napoleon Harris with regard to Counts Three and Nineteen.

All Defendants joined in the Motion to Dismiss. (Dkt. 502, p. 3). The Motion for Reconsideration is addressed to the following:

| | |
|---|---|
| Count Three | Jerry W. Green, Jr. |
| Count Four | Nathaniel Harris, Charlie L. Green |
| Count Five | Nathaniel Harris, Napoleon Harris, Charlie L. Green |
| Count Six | Nathaniel Harris, Napoleon Harris, Charlie L. Green |
| Count Nine | Nathaniel Harris |
| Count Ten | Nathaniel Harris |
| Count Seventeen | Napoleon Harris, Charlie L. Green |
| Count Eighteen | Charlie L. Green, Jerry W. Green, Jr. |
| Count Nineteen | Napoleon Harris, Jerry W. Green, Jr. |
| Count Twenty-Three | Napoleon Harris |

Case No. 8:12-CR-205-T-17MAP

    Count Twenty-Five        Napoleon Harris, Charlie L. Green, Corey Deonta Harris, Deonte Jamal Martin

The Government opposes the Motion for Reconsideration.

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II.    Discussion

A. Doc. 864   The Court's Order

Case No. 8:12-CR-205-T-17MAP

In the Order, the Court found that Count I (RICO conspiracy) of the Second Superseding Indictment is not a "crime of violence" pursuant to 18 U.S.C. Sec. 924(c)(3)(A).

The Court agreed with the analysis in United States v. Dervishaj, 2016 WL 1019357 (E.D. N.Y. Mar. 14, 2016), that 18 U.S.C. Sec. 924(c)(3)(B) is constitutional notwithstanding Johnson v. United States, 135 S.Ct. 2551 (2015)(holding that imposing an enhanced sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process). The Court further found that Count I (RICO conspiracy) of the SSI, i.e conspiracy to commit murder, kidnapping, robbery, etc., is a "crime of violence" pursuant to 18 U.S.C. Sec. 924(c)(3)(B). The Court noted that Section 924(c)(3)(B) only focuses on crimes that by their very nature involve "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and does not contain the confusing list of crimes referenced in Section 924(e)(2)(B)(ii).

B.  Defendants' Request for Relief

Defendants seek reconsideration based on an intervening change in the law. Defendants argue that the "substantial weight of authority now establishes that 18 U.S.C. Sec. 924(c)(3)(B), the residual clause, is unconstitutionally void for vagueness under the Due Process Clause of the Fifth Amendment." (Dkt. 1047, p. 1).

Defendants rely on In re: Pinder, 2016 WL 3081954 (11th Cir. June 1, 2016) and In re: Gomez, 2016 WL 3971720 (11th Cir. July 25, 2016), in which the Eleventh Circuit notes the similarity to the residual clause held unconstitutional in Johnson. Defendants argue that other courts have rejected the argument that the residual clause of Sec. 924(c) differs enough from the Sec. 922(g) residual clause that it survives Johnson.

Case No. 8:12-CR-205-T-17MAP

C. The Government's Opposition

The Government argues that the case law on which Defendants rely is not sufficient to justify the grant of reconsideration, and Defendants' Motion for Reconsideration fails on the merits.

1.   Reconsideration is Not Warranted

The Government argues that the cases on which Defendants rely make clear that the Eleventh Circuit Court of Appeals was not ruling on the constitutionality of Sec. 924(c)'s residual clause.  In Gomez, the Eleventh Circuit Court of Appeals states that "the question of whether Johnson invalidates Gomez's sentence must be decided in the first instance by the District Court."  In Pinder, the Eleventh Circuit Court of Appeals notes that "Our Court hasn't decided if Johnson applies to Sec. 924(c)(3)(B)." The Government argues that the Eleventh Circuit Court of Appeals restricted itself to its gatekeeping function and determined only that the petitioners had established a prima facie case that would allow petitioners to make their substantive arguments.

The Government argues that the cases cited do not represent a change in controlling precedent and therefore do not support reconsideration of the Court's ruling.

2.   Johnson Does Not Invalidate Sec. 924(c)'s Residual Clause

The Government argues that there are material differences between Sec. 924(c)'s residual clause and the ACCA's residual clause, 18 U.S.C. Sec. 924(e)(2)(B)(ii).  The residual clause at issue in this case lacks the fatal combination of elements found in the ACCA's residual clause, as it does not contain a confusing exemplar of crimes and does contain an explicit temporal limitation, it has a better defined risk analysis (a narrower scope and more concrete standard of risk), and it has

4

Case No. 8:12-CR-205-T-17MAP

not been subjected to several failed attempts by the United States Supreme Court to construe the clause in a principled and objective manner. The Government notes that other courts have held that <u>Johnson</u> does not invalidate the residual clause in Sec. 924(c), citing cases. (Dkt. 1078, pp. 7-8).

The law remain unsettled as to whether 18 U.S.C. Sec. 924(c)(3)(B) is void for vagueness, like the residual clause found to be void for vagueness in <u>Johnson</u>. After consideration, the Court finds that Defendants have not established a change in controlling precedent that would justify reconsideration. The Court therefore denies Defendants' Motion for Reconsideration. Accordingly, it is

**ORDERED** that Defendants' Motion for Reconsideration (Dkt. 1047) is **denied..**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 16th day of August, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record