UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:12-cr-205-EAK-MAP

CHARLIE GREEN, et al.

_____

## ORDER DENYING CHARLIE GREEN'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

This proceeding came before the Court pursuant to the *Defendant Charlie Green's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial* (Doc. No. 1218) (the "**Motion**") filed by the Defendant, Charlie Green (the "**Defendant**" or "**Green**"), and the response in opposition (Doc. No. 1223) (the "**Response**") filed by the United States of America (the "**Government**"). For the reasons set forth below, the Motion is **DENIED**.

I.  **Background**

On May 29, 2014, a federal grand jury entered a *Second Superseding Indictment* (Doc. No. 82) (the "**SSI**") charging the Defendant with numerous crimes, including (Count 1) RICO conspiracy under 18 U.S.C. § 1962(d); (Count 2) conspiracy to possess with intent to distribute a controlled substance; and (Counts 4, 17, and 18) using, carrying, or discharging a firearm in relation to a crime of violence. The Defendant was tried over a three month period during the summer of 2016, and a jury ultimately returned a verdict on September 8, 2016, finding the Defendant guilty on Counts 1, 2, 4, 17, and 18. In so doing, the jury also found that Green committed the murder of Joseph Evans, committed

the kidnapping of T.S., committed the murder of Ceola Lazier, and conspired to murder Brenton Coleman.

The Defendant filed the Motion on October 7, 2016, arguing that (1) the jury's determination that he conspired to murder Brenton Coleman is inconsistent with its finding that he did not actually murder Coleman or use, carry, and discharge a firearm in relation to Coleman's murder; (2) Counts 4, 17, and 18 should be dismissed because RICO conspiracy is not a "crime of violence;" and (3) the evidence presented at trial was insufficient to sustain his convictions. The Government responded to the Motion on October 21, 2016.

## II. Discussion

The Defendant's first argument is that he cannot be found guilty of conspiring to murder Brenton Coleman, when the jury found him not guilty of murdering Coleman or using, carrying, and discharging a firearm in relation to Coleman's murder. In making this argument, the Defendant demonstrates a fundamental misunderstanding of the crime of RICO conspiracy. As the Government noted in its Response, the critical element of the offense of conspiracy is an *agreement* to engage in a pattern of racketeering activity. Thus, a defendant can be found guilty of entering into a conspiracy to kill someone without having murdered or aided or abetted in the murder of that person. Viewed in this light, the Defendant's argument is without merit.

Second, the Defendant argues that his convictions on Counts 4, 17, and 18 cannot stand because RICO conspiracy is not a "crime of violence." The Court has already entered two orders rejecting the Defendant's arguments on this issue. *See* (Doc. Nos. 864 and 1150). This Motion does not raise any new arguments, or identify any change in intervening law that would warrant reconsideration of the Court's prior orders. Thus,

2

while perhaps appropriate in the context of an appeal, the Defendant's arguments are not proper at this stage of the proceedings.

Finally, the Defendant contends that the Court should enter a judgment of acquittal or, alternatively, grant the Defendant a new trial because the evidence introduced at trial was not sufficient to sustain his convictions. In particular, the Defendant identifies purported deficiencies in the evidence offered to sustain his convictions for the murders of Joseph Evans and Ceola Lazier, the kidnapping of Travolous Smith, the conspiracy to murder Brenton Coleman, and for possessing more than 100 kilograms of marijuana. In its Response, the Government chronicles evidence linking the Defendant to each of the foregoing crimes. Viewed in the light most favorable to the Government, the evidence adduced at trial and highlighted in the Response is sufficient to withstand the Defendant's motion for judgment of acquittal. The evidence does not likewise preponderate sufficiently heavily against the jury's verdict such that the failure to grant a motion for new trial would constitute a miscarriage of justice. The jury had ample evidence from which to convict the Defendant on Counts 1, 2, 4, 17, and 18.

Accordingly, it is

**ORDERED** that the Motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 30th day of December, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record